

F I L E D

JUN 25 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 3:11-CR-156 |
| MARK LAWRENCE, | Civil Action No. 3:14-CV-311 |
| Petitioner. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Mark Lawrence's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 119). For the reasons set forth below, the Court DISMISSES the § 2255 Motion as barred by the statute of limitations.

### I.    BACKGROUND

#### a. *Factual Background*

According to the Statement of Facts (ECF No. 50), beginning in and around August 2009, and continuing through September 2011, Petitioner Mark Lawrence ("Lawrence" or "Petitioner") did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with others known and unknown, to distribute and possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin.

On May 17, 2011, members of the Drug Enforcement Administration ("DEA") obtained a federal search warrant for 5324 Hull Street Road, Apartment 14, Richmond, Virginia. Later that day, the DEA executed the federal search warrant. During the execution of the search warrant, law enforcement observed Lawrence jump from a second story balcony of the residence and attempt to flee. Lawrence was immediately apprehended by law enforcement.

A search of the residence revealed three firearms, a 20 ton hydraulic press containing

approximately 900 grams of heroin, multiple blenders, cutting agents, and cell phones.

The parties stipulated that Lawrence conspired with others to distribute and possess with the intent to distribute 913.2 grams of heroin.

### b. *Procedural Background*

On June 8, 2011, a federal grand jury in the Eastern District of Virginia returned a two-count Indictment against Lawrence alleging distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1.) On July 13, 2011, the grand jury returned a seven-count superseding indictment against Lawrence and two other individuals, alleging: (1) conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846 (Count One); (2) distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Four); (3) possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (Count Five); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Six and Seven). (ECF No. 12.)

On January 3, 2012, the United States filed a one-count criminal information charging Lawrence with conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846. (ECF No. 44.) On that same day, Lawrence entered into a plea agreement with the United States wherein he would plead guilty to count one of the criminal information and the United States would move to dismiss both pending indictments. (ECF No. 49.) Lawrence then pleaded guilty to count one before this Court, pursuant to a written plea agreement and accompanying statement of facts. (ECF Nos. 49, 50.) On April 2, 2012, this Court sentenced Lawrence to 132 months' imprisonment and 5 years of supervised release. Lawrence did not appeal his conviction. On March 17, 2014, Lawrence filed a *pro se* "Motion for Rule 60(b)(6)," (ECF No. 117), which was denied by this Court on March 25, 2014, (ECF No. 118).

Lawrence filed his present § 2255 Motion in this Court on April 24, 2014.[1] In his § 2255

---

[1] Petitioner mailed his § 2255 Motion on April 24, 2014 and thus will be deemed filed on that date, even though the Court did not file the Motion until April 29, 2014. *See Houston v. Lack*, 487 U.S. 266, 270

Motion, Lawrence alleges two grounds for relief:

> Ground One: Ineffective assistance of counsel for failing to appeal a two-point enhancement
>
> Ground Two: The sentencing enhancements imposed were overruled in *Alleyne v. United States*, 133 S. Ct. 2151 (2013)

The United States filed its response in opposition on May 7, 2014 ("Gov'ts Resp.") (ECF No. 121), and provided *Roseboro* notice to Lawrence, (ECF No. 122). Lawrence filed a reply on May 28, 2014 ("Reply Mem.") (ECF No. 123). The issue is now ripe for review.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the Court should generously interpret Lawrence's factual allegations and legal contentions.

## III.     DISCUSSION

Petitions for collateral relief pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Specifically, a petition under § 2255 must be filed within one

---

(1988) (holding an inmate's document is deemed filed as of the date it is deposited in the prison mailing system).

year after the latest date on which: (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).[2]

With regards to the first prong of § 2255(f), a conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003). Here, this Court sentenced and entered judgment against Lawrence on April 2, 2012. Lawrence had fourteen days from that date to file a direct appeal. *See* Fed. R. App. P. 4(b)(1). Lawrence did not file an appeal. Consequently, his sentence became final on April 16, 2012. *See Clay*, 537 U.S. at 527. He therefore had one year from April 16, 2012 to file his § 2255 Motion. 28 U.S.C. § 2255(f). Lawrence, however, did not file his instant Motion until April 24, 2014–more than one year after the one-year statute of limitations had run. As a result, the present § 2255 Motion is certainly

---

[2] Here, Lawrence makes no showing that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted) (For a finding of equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.").

time-barred under the first prong of § 2255(f).

The third prong of § 2255(f) allows a petition under § 2255 must to be filed within one year of a new right being recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Lawrence relies on the Supreme Court's decision in *Alleyne v. United States*, 131 S. Ct. 2151 (2013) in arguing that his Motion is timely. (*See* § 2255 Mot. at 13.) In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155. Although *Alleyne* did announce a new constitutional rule of criminal procedure, the case is not retroactive on collateral review. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013); *Ferranti v. United States*, No. 1:91CR337-A, 2014 WL 2967944, at *2 (E.D. Va. June 30, 2014); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). *Alleyne* was decided on June 17, 2013. Lawrence was sentenced by this Court on April 2, 2012. Therefore, as *Alleyne* is not retroactive, Lawrence's instant § 2255 Motion is barred. *See* 28 U.S.C. § 2255(f).

## IV.     CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Lawrence is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## V.     CONCLUSION

For the foregoing reasons, the Court hereby DISMISSES the § 2255 Motion as barred by

the statute of limitations, and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Petitioner and all counsel of record.

An appropriate Order shall issue.

/s/
_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___25th___ day of June 2015.